UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| ARTHUR EUGENE MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 6:20-cv-077-JMH |
| v. | ) | |
| | ) | |
| WARDEN GILLEY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Arthur Eugene Martin is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Martin filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [DE 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Martin's petition.

In 2013, Martin pled guilty to two counts of aiding and abetting another in the distribution of cocaine base, in violation of 21 U.S.C. § 841. *See United States v. Arthur Eugene Martin*, No. 3:12-cr-166-1 (E.D. Tenn. 2013). According to Martin, the district court determined that he was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions for either a crime of violence or controlled substance offense.

Thus, Martin's sentencing guidelines range was enhanced, and the district court ultimately sentenced him to 235 months in prison. *See id.* at DE 26. Martin did not appeal his sentence to the United States Court of Appeals for the Sixth Circuit. Instead, Martin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *see id.* at DE 28, but the district court denied that motion, *see id.* at DE 37.

Martin now pursues relief via § 2241. While Martin's petition is somewhat difficult to follow, he is clearly trying to challenge the validity of his 235-month sentence. Indeed, Martin argues that, in light of the Sixth Circuit's recent en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019), he no longer qualifies as a career offender and, thus, his sentence should be vacated. [DE 1-1 at 2].

Martin's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits

or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Martin cannot use his § 2241 petition as a way of challenging his sentence.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition.  However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show:  "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."  *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).  The Sixth Circuit also expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Id.* at 599.  Finally, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a U.S. Supreme Court decision, not a federal circuit court case.  *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, No. 18-6299, 2020 WL 104612 (6th Cir. Jan. 9, 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the

3

retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Martin does not meet the foregoing requirements. As an initial matter, the trial court sentenced Martin in 2013, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Martin's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Martin has also not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as required. *See Hill*, 836 F.3d at 600; *Hueso*, 2020 WL 104612 at *1. Instead, Martin relies on the Sixth Circuit's

4

recent en banc decision in *Havis* which is, of course, not a Supreme Court decision. Thus, Martin's claim is simply not cognizable in a § 2241 petition.

For the reasons set forth above, Martin's attack on his § 4B1.1 enhancement does not even get off the ground.[1] Accordingly, it is **ORDERED** that:

1) Martin's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3) A corresponding Judgment will be entered this date.

This 2nd day of April, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] It is worth noting that Martin's reliance on *Havis* also appears to be misplaced as a substantive matter. In *Havis*, the Sixth Circuit explained that attempt crimes do not qualify as predicate controlled substance offenses for purposes of an enhancement under the sentencing guidelines. *See Havis*, 927 F.3d at 387. However, in this case, it appears from Martin's underlying criminal case that his predicate controlled substance offenses—those prior convictions used to enhance his sentence—were not attempt crimes but, instead, state court convictions for (1) possession with the intent to sell cocaine and (2) the sale of cocaine. *See United States v. Arthur Eugene Martin*, No. 3:12-cr-166-1, at DE 9 (discussing his drug convictions in 2003 and 2000 in Knox County, Tennessee).